NO. 07-05-0312-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 24, 2005

_____

CYNTHIA RAYNIA CLAYTOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 48,053-A; HONORABLE HAL MINER, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Cynthia Raynia Claytor was adjudicated guilty of burglary of a building and sentenced to two years confinement in a state jail facility and a $10,000 fine. Sentence was imposed on August 3, 2005, and appellant filed a *pro se* "motion to appeal" with the trial court clerk on September 8, 2005. We dismiss the purported appeal.

A defendant must file a written notice of appeal with the trial court clerk within 30 days after the date sentence is imposed. Tex. R. App. P. 252.(c) & 26.2(a)(1). The time in which to file a notice of appeal may be enlarged if, within 15 days after the deadline for doing so, the party files the notice in the trial court and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure in the appellate court. Tex. R. App. P. 26.3. When a notice, but no motion for extension of time, is filed within the 15-day window, this Court does not have jurisdiction to dispose of the purported appeal in any manner other than by dismissal for want of jurisdiction. Olivo v. State, 918 S.W.2d 519, 523 (Tex.Cr.App. 1996). Additionally, we do not have jurisdiction to invoke Rule 2 of the appellate rules in an effort to obtain jurisdiction. Thus, we cannot create jurisdiction where none exists. *Id. See also*, Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Cr.App. 1998).

Appellant's sentence was imposed on August 3, 2005, although the order adjudicating her guilty was not signed until August 22, 2005. However, in a criminal case, the time for perfecting an appeal commences on the date sentence is imposed. Tex. R. App. P. 26.2(a). *See also* Rodarte v. State, 860 S.W.2d 108, 109 (Tex.Cr.App. 1993). No motion for new trial was filed, and although appellant did file a *pro se* motion to retract her guilty plea, under the Texas Rules of Appellate Procedure, it does not extend the time for perfecting an appeal. *Cf.* Rule 26.1(a) which extends the time for perfecting an appeal in a civil case to 90 days if a motion for new trial, motion to modify, motion to reinstate, or a request for findings of fact and conclusions of law is filed. The criminal counterpart, Rule 26.2(a)(2), provides a 90-day extension only if a motion for new trial is filed. We conclude

2

appellant's notice of appeal filed on September 8, 2005, was untimely and although it was filed within the 15-day extension period, it was unaccompanied by a motion for extension of time reasonably explaining the delay.

Accordingly, the purported appeal is dismissed for want of jurisdiction.[1]

Don H. Reavis
Justice

Do not publish.

---

[1]Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004-05).